UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARSKY, M.D., M.B.A.,           :
      Plaintiff,              :
                              :
v.                              :       3:15-cv-1040 (WWE)
                              :
YALE-NEW HAVEN HOSPITAL, INC.,  :
      Defendant.              :

## RULING ON MOTION TO COMPEL

In this action, plaintiff Carol Barsky, M.D., alleges that Yale-New Haven Hospital discriminated against her in violation of the Equal Pay Acts pursuant to state and federal law, Title VII, and the Connecticut Fair Employment Practices Act. For the following reasons, the pending motion to compel will be denied.

## BACKGROUND

In discovery, defendant requested plaintiff to provide "All documents concerning [her] physical, mental and/or emotional injuries she claims she sustained as a result of any alleged unlawful, unfair, improper, disparate or retaliatory treatment she claims she received during her employment with YNHH" as well as an authorization for "the release of medical records by any health care provider with whom Plaintiff has consulted in connection with any injuries alleged to be compensable." Plaintiff responded by invoking the psychotherapist-patient privilege, and she stated that she was limiting her claim for emotional distress to so-called "garden variety" emotional distress.

Defendant filed a motion to compel plaintiff to respond to the discovery request, arguing, inter alia, that plaintiff had waived the privilege by repeatedly alleging emotional distress in the complaint, admitting during her deposition to having

1

psychotherapy in response to the alleged discriminatory treatment, and by failing to provide a privilege log relevant to the asserted-privileged documents.  The Court granted the motion to compel and instructed plaintiff to respond to provide documents that related to her claim for damages and to provide a privilege log for any withheld documents.  Plaintiff provided responsive documents but withheld one document–pyschotherapy treatment notes–on the basis of the psychotherapist-patient privilege.  Defendant now moves to compel plaintiff to produce the treatment notes, arguing that this Court ruled that plaintiff had waived the privilege.

## DISCUSSION

Amended Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The Court hereby clarifies that it did not specifically order plaintiff to produce her treatment records when it instructed to respond to the discovery request.  The Court finds that plaintiff has complied with the Court's order by producing responsive documents and a privilege log.

The Second Circuit has held that, in the interest of fairness, a plaintiff does not waive the psychotherapist-patient privilege by placing her psychiatric history at issue by alleging a claim for conventional pain and suffering damages rather than for serious emotional distress.  In re Sims, 534 F.3d 117, 132 (2d Cir. 2008).  Here, the record

supports a finding that plaintiff is not asserting damages related to serious emotional distress.  She stated in her deposition that she was not diagnosed with Post Traumatic Stress Disorder; she is not asserting any serious mental health diagnosis; and she has stated in her papers that she will not introduce evidence related to her psychotherapeutic treatment.  Thus, in the interest of fairness, the Court finds that plaintiff has not waived the psychotherapist-patient privilege.  Plaintiff is precluded from offering evidence related to her psychotherapeutic treatment.  See Briganti v. Connecticut Technical High School Sys., 2015 WL 728518, *5 (D. Conn. Feb. 19, 2015).

       The motion to compel compliance [doc. 39] is DENIED.

       Dated this 25th day of April, 2016, at Bridgeport, Connecticut.

                                   /s/ Warren W. Eginton
                                   WARREN W. EGINTON
                                   SENIOR UNITED STATES DISTRICT JUDGE